UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 JUN 17  PM 1:51
US DISTRICT COURT

CECILIA VALDIVIESO
    Plaintiff.

Case No.: 

-v-

CAVALRY PORTFOLIO SVCS
    Defendants.

### FIRST ~~AMENDED~~ COMPLAINT

Plaintiff, Cecilia Valdivieso, hereby sues Defendants, CAVALRY PORTFOLIO SVCS ; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI); for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*;

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by Fla. Stat. §559.77, 15 U.S.C. §1681p, 15 U.S.C. §1692k, and 47 U.S.C. §227(a)3 & (a)5.

3. Venue is proper in this Circuit pursuant to Fla. Stat. §559.77 and 28 U.S.C. §1391b.

4. This is an action for damages which exceed $15,000.00.

5. Plaintiff, Cecilia Valdivieso is a natural person and is a resident of the State of Florida.

6. Defendant, Calvary Portfolio Svcs, is a New York Corporation, not authorized to do business in Florida.

7. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

8. On June 3, 2010 Plaintiff sent a certified letter to CAVALRY PORTFOLIO SVCS disputing the debt and the Defendant did not respond to the certified letter.

9. Defendant did update the account with two bureaus as Experian and Tran union and did not investigate or updated the account with Equifax .

10. On August 27, 2010 Defendant sent a letter to Plaintiff attempting to collect on the alleged debt. After the account was in dispute.

11. On August 27, 2010 Defendant sent Plaintiff copies of itemized bills from Orchard Bank, ostensibly to validate the alleged debt..

12. Cavalry Portfolio Srvcs sent Plaintiff a letter that stated in part: **"This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector."**

13. On April 27, 2011 Plaintiff sent a letter to Defendant which was ignored and never respond to Plaintiff amicably settlement.

14. Plaintiff contends that the illegal actions of the Defendants have harmed the Plaintiff, resulting in a reduction of his credit score, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

### COUNT I
### VIOLATION OF FLORIDA CONSUMER COLLECTION
### PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI)
### BY DEFENDANTS CAVALRY PORTFOLIO SVCS

15. Paragraphs 1 through 14 are realleged as though fully set forth herein.

16. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

17. Cavalry Portfolio Svcs is a creditor within the meaning of the FCCPA, Fla. Stat. §559.55(3) are debt collector within the meaning of the FCCPA, Fla. Stat. §559.55(6).

18. Cavalry Portfolio Svcs, violated the FCCPA. Defendants' violations include, but are not limited to, the following:
    (a) Cavalry Portfolio Svcs violated Fla. Stat. §559.72(3) by not telling Plaintiff that it would disclose to another information affecting Plaintiff's reputation for credit worthiness without also informing Plaintiff that the existence of the dispute would also be disclosed.
    (b) Cavalry Portfolio Svcs violated Fla. Stat. §559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.
    (c) Cavalry Portfolio Svcs violated Fla. Stat. §559.72(7) by willfully communicating with Plaintiff with such frequency as could reasonably be expected to harass Plaintiff.
    (d) Cavalry Portfolio Svcs violated Fla. Stat. §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Cavalry Portfolio Svcs for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

### COUNT II
### VIOLATION OF FAIR DEBT COLLECTION
### PRACTICES ACT (FDCPA), 15 U.S.C. §1692
### BY DEFENDANT Cavalry Portfolio Svcs

19. Paragraphs 1 through 14 are realleged as though fully set forth herein.
20. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)
21. Cavalry Portfolio Svcs is a debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6).
22. Cavalry Portfolio Svcs violated the FDCPA. Defendants' violations include, but are not limited to, the following:
    (a) Cavalry Portfolio Svcs , violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
    (b) Cavalry Portfolio Svcs, and Wellborn violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
    (c) Cavalry Portfolio Svcs, violated 15 U.S.C. §1692e(11) by failing to warn that it was a debt collector.
    (d) Cavalry Portfolio Svcs, violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
    (e) Cavalry Portfolio Svcs, violated 15 U.S.C. §1692g(b) by not ceasing collection efforts until the debt was validated.

WHEREFORE, Plaintiff demands judgment for damages against, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### WILLFUL NON-COMPLIANCE BY DEFENDANTS Cavalry Portfolio Svcs

23. Paragraphs 1 through 14 are realleged as though fully set forth herein.

24. Cavalry Portfolio Svcs , is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

25. Cavalry Portfolio Svcs, willfully violated the FCRA. Defendant's violations include, but are not limited to, the following:

WHEREFORE, Plaintiff demands judgment for damages against Cavalry Portfolio Svcs for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
### NEGLIGENT NON-COMPLIANCE BY DEFENDANT AT&T AND EQUIFAX

26. Paragraphs 1 through 53 are realleged as though fully set forth herein.

27. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

28. Cavalry Portfolio Svcs is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

71. Cavalry Portfolio Svcs, negligently violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) Cavalry Portfolio Svcs, negligently violated 15 U.S.C. §1681b(f) by not updating Plaintiff credit report or lack of investigation on the account with Equifax

WHEREFORE, Plaintiff demands judgment for damages against Cavalry Portfolio Svcs for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: June 17, 2011 ~~November 1, 2010~~

Respectfully submitted,

*C. VALDIVIESO*

CECILIA VALDIVIESO
4302 Conroy club Dr.,
Orlando, Fl 32835

407 715 1406

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 21st day of June, 2011 by SERVER OFFICE AND U.S. Mail delivery to:

Cavalry Portfolio SVCS
500 Summit Lake Dr
Suite 400
Valhalla, NY 10595-1340

*C YALDIVIESO*

CECILIA VALDIVIESO
4302 CONROY CLUB DR
ORLANDO, FL. 32835